**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

CAMMY SHARI DEPEW                                          CIVIL ACTION NO.

VERSUS                                                              14-284-SDD-RLB

LNV CORPORATION

## RULING

This matter is before the Court on the *Motion to Dismiss or, Alternatively, Motion for More Definite Statement*[1] and the *Motion to Dissolve TRO*[2] by Defendant, LNV Corporation ("LNV"). Plaintiff, Cammy Shari Depew ("Plaintiff") has opposed both motions.[3] For the reasons which follow, the Court will grant both motions.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Previous Proceeding**

A review of Plaintiff's previous case filed in this Court is relevant to the Court's decision in the current matter. On August 27, 2013, Plaintiff filed a *Complaint* in this Court against LNV and ten other defendants, alleging a plethora of federal and state law claims[4]

---

[1] Rec. Doc. No. 4.

[2] Rec. Doc. No. 5.

[3] Rec. Doc. Nos. 7 & 8.

[4] Civil Action No. 13-350-SDD-SCR, Rec. Doc. No. 1, p. 4, ¶ B reads: "18 U.S.C. § 63 et seq., (Mail Fraud and Other Fraud Offenses); 18 U.S.C. § 1961 et seq., (Racketeer Influenced and Corrupt Organizations Act); 12 U.S.C. § 27 et seq., (Real Estate Settlement Procedures Act); 15 U.S.C. § 1601 et seq., (Consumer Credit Protection and Truth in Lending Acts); 18 U.S.C. § 47 et seq. (Fraud and False Statements); 18 U.S.C. § 1348 et seq. (Securities and Commodities Fraud); 15 U.S.C. § 77a, et seq., (Securities Act of 1933); 18 U.S.C. Chapter 11, et seq., (Bribery, Graft, and Conflicts of Interest); 42 U.S.C. § 3601 et seq.,(Fair Housing Act); 15 U.S.C. § 1691 et seq., (Equal Credit Opportunity Act); Fifth and Fourteenth Amendments to the United States Constitution; LA CC Art 2003 (Obligee in Bad Faith); LA RS 14:123(Perjury); LA RS 9:5646 (Sale of immovable property by domestic or foreign corporation or unincorporated association)".

relating to disputes with various mortgage companies and lenders which she claims led to the alleged "wrongful eviction" from her home, which was eventually sold at a Sheriff's Sale. Plaintiff filed a *Motion for Restraining Order*, which the Court denied for the stated reasons.[5] Plaintiff filed a *Notice of Appeal*, which the Court treated as a *Motion for Reconsideration* and again denied the requested relief.[6] However, contrary to Plaintiff's mistaken assertion in her memorandum, this appeal was sent to the Fifth Circuit. The Mandate of the Fifth Circuit dismissed the appeal for lack of jurisdiction on March 28, 2014.[7] As the Defendants were served,[8] they filed *Motions to Dismiss for Failure to State a Claim and Alternatively, Motions for More Definite Statement*. Plaintiff failed to oppose each and every motion within the twenty-one (21) day time period provided by Local Rule 7.4. Thus, the Court entered *Rulings*[9] in each instance for her failure to oppose **and**, upon the Court's finding that the motions had merit, the Court dismissed Plaintiff's claims without prejudice, reserving her right for fourteen (14) days, following each *Ruling*, to move for leave of Court to explain the failure to oppose and provide the Court with an opposition. Each *Ruling* also advised that, if no motion was filed within fourteen days, the dismissal was converted to a dismissal with prejudice. Plaintiff never requested extensions of time to respond to these motions and failed to submit anything to the Court in opposition to these motions. As such, each *Ruling* was converted to a dismissal **with** prejudice.

---

[5] Civil Action No. 13-350-SDD-SCR, Rec. Doc. No. 8.

[6] *Id.*, Rec. Doc. No. 11.

[7] *Id.*, Rec. Doc. No. 49.

[8] Some defendants were never served.

[9] Civil Action No. 13-350-SDD-SCR, Rec. Doc. Nos. 37 (2/7/14), 38 (2/14/17), 45 (3/17/14), & 51 (4/17/14).

On April 11, 2014, apparently now satisfied with the relief she received from the state court on the matter, Plaintiff filed a *Motion to Withdraw* her case, seeking a dismissal without prejudice.[10] The Court granted the dismissal of Plaintiff's case; however, the Court dismissed her case in its entirety **with** prejudice for very specific reasons. Particularly, the Court held that Plaintiff had failed to prosecute her case, failed to comply with the Federal Rules of Civil Procedure, the Local Rules of Court, and notably, failed to comply with a *Show Cause Order* of February 14, 2014, issued by the Magistrate Judge.[11]

The Court specifically found that: "The record before the Court shows Plaintiff is not entitled to a dismissal without prejudice based on her clear lack of respect for the Court's orders and lack of compliance with the Federal and Local Rules."[12] The Court noted in this final *Ruling* that it declined to exercise supplemental jurisdiction over Plaintiff's state law claims; thus, those claims were dismissed without prejudice. *Judgment* was entered in favor of the Defendants and this case was closed.

### B. Current Proceeding

On April 14, 2014, Plaintiff filed a new *Petition*[13] in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, stating claims against LNV on the same or similar grounds as set forth in the prior proceeding in this Court. Some of the claims in this *Petition* were not alleged in Plaintiff's federal *Complaint* (at least in the manner the claims were styled); yet, many claims in the *Petition* were identical to those in the federal

---

[10] *Id.*, Rec. Doc. No. 50, p. 2, ¶ 14.

[11] *Id.*, Rec. Doc. No. 52.

[12] *Id.*

[13] Rec. Doc. No. 1-1.

*Complaint*. LNV removed the case to this Court on May 8, 2014. Now before the Court are LNV's motions to dismiss this case on the grounds of *res judicata* and judicial estoppel, and to dissolve the temporary restraining order ("TRO") issued by the state court for its lack of compliance with Louisiana statutory requirements. The Court turns to a discussion of these motions.

        1.    Motion to Dismiss

The primary bases for LNV's *Motion to Dismiss* are that Plaintiff's claims are barred by *res judicata* based on prior decisions of both this Court and Louisiana state courts, and that Plaintiff's claims are barred by judicial estoppel based on her sworn representations to the Bankruptcy Court that she had no outstanding claims against any party. LNV also argues that Plaintiff failed to state a claim upon which relief may be granted on the several specific causes of action alleged in the *Petition*; however, because the Court finds that all of Plaintiff's claims are barred by *res judicata* and judicial estoppel, only these will be discussed.[14]

        *a.*    *Res Judicata*

To the extent any of the claims in this matter are the same as those asserted in Civil Action 13-560-SDD-SCR, the Court finds that they are barred by *res judicata.* Plaintiff fails to explain why this doctrine does not apply to claims brought in her federal *Complaint*, stating only that she was denied her *Motion to Withdraw* without prejudice "mainly due to me not responding to Motions filed by defendants timely." Plaintiff then complains about her *pro se* status and not receiving pleadings on the day they were filed based on the delay

---

[14] The Court holds in the alternative that Plaintiff has failed to state a claim on the particular claims set forth by LNV. Plaintiff's *Opposition* provides no legal basis or challenge to counter LNV's arguments.

in the postal service. The Court is not persuaded by the Plaintiff's excuses for her failure to prosecute the previous case.

First, Plaintiff states that she did not respond to the Defendants' motions timely. In fact, Plaintiff did not respond to the Defendants' motions **at all**. As set forth above, notwithstanding the obvious delay between the date of the *Rulings* and the date of postal service delivery, Plaintiff was given fourteen days to challenge or respond to each *Ruling* on February 2, 1014; February 14, 2014; March 17, 2014; and April 17, 2014. At no time did Plaintiff notify the Court that she received the *Rulings* with insufficient time to respond. Similarly, Plaintiff ignored the February 14, 2014 *Order to Show Cause* by the Magistrate Judge which ordered Plaintiff to submit a written response detailing why she had failed to serve certain Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The Court is not persuaded that the Plaintiff did not receive notice of the Court's previous *Rulings* and *Order to Show Cause* before filing her *Motion to Withdraw* on April 11, 2014. The record reflects that Plaintiff clearly knew how to file documents and how to access the Court when doing so was in her interests.

Plaintiff claims that the dismissal of her federal case "was not on the merits but on my failure to respond timely."[15] This is incorrect. As to each *Ruling,* the Court expressly concluded that "the Court finds that the Motion has merit". The Fifth Circuit has clearly held that: "Although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication

---

[15] Rec. Doc. No. 8, p. 5.

on the merits for the purposes of *res judicata*."¹⁶ The Court clearly dismissed Plaintiff's previous case with prejudice as outlined above and for the reasons stated in the final *Ruling*.¹⁷

Additionally, with respect to Plaintiff's assertion that her *pro se* status entitled her to more lenient treatment by the Court, the Court would simply note as follows:

> A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Birl*, 660 F.2d at 593.¹⁸

Plaintiff chose to file her action against eleven Defendants and chose to represent herself. The Court is without authority to provide Plaintiff with legal advice; in fact, it is prohibited from doing so. Had Plaintiff filed a motion for an extension of time to respond to any filings in this matter or communicated to the Court that she needed additional time, the Court would have considered and granted such a request. However, Plaintiff was, and is, clearly responsible for prosecuting her case and complying with procedural and substantive rules as set forth above. Any claims to the contrary are without merit.

### b. Judicial Estoppel

LNV also moves to dismiss all claims in the *Petition* because Plaintiff is judicially estopped from asserting claims that were clearly known but not disclosed to the Bankruptcy Court in her filings.

---

¹⁶ *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001), citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169-70 (5th Cir.1980).

¹⁷ Civil Action No. 13-350-SDD-SCR, Rec. Doc. No. 52.

¹⁸ *Bruge v. Astrue*, No. 12-370-SSV-SS, 2013 WL 654650, at *1 (E.D. La. Jan. 14, 2013); *see also Beard v. Experian Information Solutions, Inc.*, No. 06-10333, 214 F. App'x 459, 462 (5th Cir. Jan. 19, 2007).

The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding.[19] The aim of the doctrine is to "protect the integrity of the judicial process."[20] "Because the doctrine [of judicial estoppel] is intended to protect the judicial system, rather than the litigants, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary."[21] Moreover, "'the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.'"[22] Both the Fifth Circuit and Louisiana district courts have routinely held that judicial estoppel precludes plaintiffs from asserting causes of action that were not disclosed in their bankruptcy proceedings.[23]

Plaintiff filed a Chapter 7 Voluntary Petition with the United States Bankruptcy Court for the Middle District of Louisiana, Docket No. 12-11614. The Court takes judicial notice of the documents filed in this record.[24] Plaintiff signed this Petition under penalty of perjury, declaring that she had read the schedules and that they were true and correct to the best

---

[19] *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012), citing *Reed v. City of Arlington*, 650 F.3d 571, 573–74 (5th Cir. 2011) (*en banc*).

[20] *Id.*, quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citation and internal quotation marks omitted).

[21] *Id.*, quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

[22] *Id.*, quoting *Coastal Plains*, 179 F.3d at 208 (quoting *Rosenshein v. Kleban*, 918 F.Supp. 98, 104 (S.D.N.Y. 1996)).

[23] *See Coastal Plains*, 179 F.3d at 208; *Henry v. Kan. City S. Ry. Co.*, No. 10-0469, 2010 WL 3613795, at *5 (W.D. La. Sep. 8, 2010); *Young v. Town of Greenwood*, No. 08-602, 2009 WL 1924192, at *4 (W.D. La. Jun. 26, 2009); *In re W. Delta Oil Co.*, No. 01-1163, 2002 WL 1963317, at *5 (E.D. La. Aug. 21, 2002).

[24] *See Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994)("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

of her knowledge, information, and belief. In the schedule which required the petitioner to disclose any "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," Plaintiff checked the response "None."[25] Thus, LNV is correct that Plaintiff denied the existence of any claims against it as of November 19, 2012, the date she signed her declaration.

It is abundantly clear from a review of Plaintiff's allegations in this matter and the previous case that Plaintiff was aware of her potential claims against LNV at the time of the bankruptcy filings. Plaintiff is now asserting a legal position that is inconsistent with the position she took in a previous legal proceeding. It matters not that Plaintiff did not complete the bankruptcy. Plaintiff's only argument in opposition to the application of judicial estoppel is that LNV's claims are "inaccurate and misleading."[26] Plaintiff also states she "did not go into detail of the claims because it did not go any further than the initial fill in the blank forms... ."[27] This does not explain why Plaintiff marked "None" in response to the question about any pending claims, counterclaims, or offsets against any party. Plaintiff further fails to cite any law or jurisprudence in support of her position or that would run counter to that relied on by LNV.

Thus, under the doctrine of judicial estoppel, all claims in this matter not already barred by *res judicata*, are barred and dismissed with prejudice.

---

[25] No. 12-11614, Rec. Doc. No. 11, p. 5.

[26] Rec. Doc. No. 8, p. 6.

[27] *Id.*

## 2. Motion to Dissolve TRO

LNV has also moved pursuant to Rule 65(b)(4) of the Federal Rules of Civil Procedure to dissolve the TRO issued by the state court before removal to federal court. LNV contends the terms of the TRO violate Louisiana law in several ways. First, LNV contends that the TRO's language rendering it operable "until this case is fully adjudicated" violates Louisiana Code of Civil Procedure article 3604, which requires that a TRO "shall expire by its terms within such time after entry, not to exceed ten days, as the court prescribes." Second, LNV argues that the TRO was granted without notice and a hearing but does not state why, in violation of article 3604(A), which requires that a TRO "shall state why the order was granted without notice and hearing." Third, the TRO fails to state the date and hour of its issuance which is also required under article 3604. Finally, the TRO is not supported by any record evidence of "the efforts which have been made to give notice [to LNV] or the reasons supporting [Plaintiff's] claim that notice should not be required."[28]

Plaintiff's *Opposition* merely rehashes her allegations against the parties in all of her cases in state and federal court. Nothing in the *Opposition* challenges or counters LNV's claim that the TRO is legally deficient in the ways described.

Under 28 U.S.C. § 1450, the TRO entered by the state court remains in effect until dissolved or modified by the district court. 28 U.S.C. § 1450 states that "[w]henever any action is removed from a state court to a district court of the United States ... [a]ll injunctions, orders, and other proceedings had in such action shall remain in full force and

---

[28] La. Code Civ. Proc. art. 3604(A)(2).

effect until dissolved or modified by the district court." The statute facilitates the federal court's taking the case up "where the state court left it off."[29] The federal court accepts the case in its current posture "as though everything done in state court had in fact been done in the federal court."[30] "[I]t is well established that the state court order becomes federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance."[31] Because this case was timely removed, this Court has the authority to dissolve the TRO.[32]

Upon review of the *Petition*, the order granting the TRO, the memoranda, and the law, the Court finds that the TRO issued by the state court should be dissolved. All of the procedural defects alleged by LNV are present in the TRO, and Plaintiff has failed to argue or present evidence to the contrary. Furthermore, this TRO was granted on the same factual basis presented by Plaintiff when she applied for a TRO in this Court in her previous federal case. This Court denied that request twice because Plaintiff failed to satisfy the standard under the Federal Rules of Civil Procedure for the granting of a TRO.[33]

---

[29] *Granny Goose Food, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974)( quoting *Duncan v. Gegan*, 101 U.S. (11 Otto) 810, 812, 25 L.Ed. 875 (1882)).

[30] *Nissho–Twai American Corporation v. Kline*, 845 F.2d 1300, 1303 (5th Cir.1988)( quoting *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir.1937)).

[31] *Nissho–Iwai*, 845 F.2d at 1303; *Granny Goose Foods*, 415 U.S. at 438–41, 94 S.Ct. at 1123–25.

[32] *See* 28 U.S.C. § 1450.

[33] Civil Action No. 13-350-SDD-SCR, Rec. Doc. Nos. 8 & 11.

## III.  CONCLUSION

For the reasons set forth above, Defendant LNV Corporation's *Motion to Dismiss*[34] is GRANTED, and the *Motion to Dissolve TRO*[35] is GRANTED.  This case is dismissed with prejudice.

*Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on September 17, 2014.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[34] Rec. Doc. No. 4.

[35] Rec. Doc. No. 5.